UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**CAVALRY SPV I LLC,**

    **Plaintiff,**

    **v.**                                                                                               Case No. 24-CV-506-SCD

**EDDIE L. HATCH, JR.,**

    **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

In February 2024, Cavalry SPV I, LLC, filed a small claims action against Eddie Hatch in Wisconsin state court seeking to collect an unpaid credit card debt. *See* ECF Nos. 1, 1-1. Cavalry served Hatch with a copy of the complaint on February 10, 2024. *See* ECF No. 4 at 3. On April 29, 2024, Hatch removed the matter to federal court, ECF No. 1, and sought leave to proceed without paying the court's filing fee, ECF No. 2. On May 22, 2024, Cavalry moved to remand the matter back to state court. *See* ECF No. 4. That motion is timely under 28 U.S.C. § 1447(c), which requires a motion to remand to be made "within 30 days after the filing of the notice of removal." All parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 3, 6.

"A defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts., Inc.*, 419 F.3d 649, 653–54 (7th Cir. 2005) (citing 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)), *vacated on other grounds*, No. 05-776, 2006 U.S. LEXIS 4898 (June 26, 2006). As the party seeking to invoke federal jurisdiction, Hatch bears the burden of

demonstrating that removal is proper and that subject-matter jurisdiction exists. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) (citations omitted). "Removal is proper if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely[,] 28 U.S.C. § 1446." *Id.* Under § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."

Hatch first argues that removal is proper because "there are federal questions." ECF No. 9 at 1. Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A party generally may remove a case from state to federal court "only if 'the suit—as the plaintiff framed or could easily have framed it in the complaint—would have been within the district court's original jurisdiction at the time of the removal.'" *Shannon v. Shannon*, 965 F.2d 542, 545 (7th Cir. 1992) (quoting *Fed. Deposit Ins. Corp. v. Elefant*, 790 F.2d 661, 667 (7th Cir. 1986)). Hatch does not contend that the complaint filed in state court raised (or could easily have raised) issues of federal law; rather, he relies on his counterclaims under the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. The presence of a federal counterclaim, however, does not make a suit removable. *See Shannon*, 965 F.2d at 545–46 (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *Elefant*, 790 F.2d at 667); *see also Landmark Credit Union v. Doberstein*, 746 F. Supp. 2d 990, 995 n.6 (E.D. Wis. 2010). Thus, Hatch has failed to demonstrate that federal question removal applies.

Hatch also argues that removal is proper based on diversity of citizenship. Under 28 U.S.C. § 1332(a)(1), districts courts "have original jurisdiction of all civil actions where the

2

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." It's unclear whether the parties here are citizens of different states, as Hatch does not allege either party's citizenship. Moreover, as the proponent of federal jurisdiction, Hatch has "the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdictional amount has been satisfied." *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011) (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)). Hatches alleges only that the amount in controversy, including compensatory and/or punitive damages, "*could* exceed $75,000." ECF No. 9 at 1. However, he alleges no facts to support that speculative allegation, and the original action sought to collect a debt that was less than $5,000.[1] Even if Hatch could satisfy those requirements, removal still would not likely be proper because this action appears to have been originally filed in Hatch's home state.[2] *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). Thus, Hatch has failed to demonstrate that diversity removal applies.

Hatch's notice of removal also is untimely. Under 28 U.S.C. § 1446(b)(1), the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such

---

[1] Although the Seventh Circuit has not explicitly addressed the issue, most courts have held that counterclaims—even compulsory ones—may not be considered in establishing the amount in controversy. *See Precision Med. Techs., Inc. v. Nexus Spine LLC*, No. 1:22-cv-00125-SLC, 2022 WL 2208120, 2022 U.S. Dist. LEXIS 109355, at *4–7 (N.D. Ind. June 21, 2022) (discussing cases).

[2] Hatch lists a Milwaukee address on both the notice of removal, ECF No. 1 at 3, and his response to Cavalry's motion, ECF No. 9 at 3.

3

action or proceeding is based." Cavalry served Hatch with a copy of its initial pleading on February 10, 2024, giving Hatch until March 11, 2024, to file his notice of removal. Hatch filed the notice on April 29, 2024—seven weeks late.

Because Hatch has not demonstrated that removal was based on statutorily permissible grounds, and because the removal was otherwise untimely, the court must remand this action to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Accordingly, the court **GRANTS** the plaintiff's motion to remand, ECF No. 4; **DENIES as moot** the defendant's non-prisoner request to proceed in district court without prepaying the filing fee, ECF No. 4; and **REMANDS** this case to the Milwaukee County Circuit Court.

**SO ORDERED** this 18th day of June, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge